IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Pravinkumar Patel | ) |
| Plaintiffs, | ) ) ) ) |
| v. | ) No. 20 C 3508 |
| Chad Wolf, Acting Secretary of Department of Homeland Security. | ) ) ) ) ) |
| Defendant | ) |

Memorandum Opinion and Order

Plaintiff is a non-citizen who filed a "Petition for U-Nonimmigrant Status" (a "U-Visa") in May of 2015. His complaint alleges that the United States Citizenship and Immigration Services ("USCIS") arbitrarily and capriciously denied that petition, and he asks me to compel USCIS pursuant to the Administrative Procedures Act to adjudicate the petition in his favor. Defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the complaint and materials filed therewith show on their face that plaintiff is not entitled to the relief he seeks. For the following reasons, I grant the motion.

I.

The U-Visa came into existence in 2000, when Congress enacted the Victims of Trafficking and Violence Protection Act of 2000

(the "VTVPA"), 8 U.S.C. § 1101(a)(15)(U)). The statute's purpose was "to strengthen the ability of law enforcement agencies to investigate and prosecute such crimes as domestic violence, sexual assault, and trafficking in persons, while offering protection to alien crime victims in keeping with the humanitarian interests of the United States." *New Classification for Victims of Criminal Activity; Eligibility for "U" Nonimmigrant Status*, 72 Fed. Reg. 53,014, 53,014 (Sept. 17, 2007); *Morris v. Nielsen*, 374 F. Supp. 3d 239, 246 (E.D.N.Y. 2019). Plaintiff asserts that he is eligible for a U-Visa on the ground that he "has suffered substantial physical or mental abuse as a result of having been a victim of" the type of criminal activity the statute describes. This includes crimes:

> involving one or more of the following or any similar activity in violation of Federal, State, or local criminal law: rape; torture; trafficking; incest; domestic violence; sexual assault; abusive sexual contact; prostitution; sexual exploitation; stalking; female genital mutilation; being held hostage; peonage; involuntary servitude; slave trade; kidnapping; abduction; unlawful criminal restraint; false imprisonment; blackmail; extortion; manslaughter; murder; felonious assault; witness tampering; obstruction of justice; perjury; fraud in foreign labor contracting (as defined in section 1351 of Title 18); or attempt, conspiracy, or solicitation to commit any of the above mentioned crimes.

8 U.S.C.A. § 1101(a)(15)(U)(i)(I). Additionally, plaintiff must establish that he "has been helpful, is being helpful, or is likely to be helpful to a Federal, State, or local law enforcement

official, to a Federal, State, or local prosecutor, to a Federal or State judge, to the Service, or to other Federal, State, or local authorities investigating or prosecuting" the crime of which he was a victim. § 1101(a)(15)(U)(i)(III). Plaintiff claims to satisfy the latter criteria on the basis that was the victim of an armed robbery in Illinois and provided helpful information to law enforcement in the investigation of that crime. The administrative record attached to his complaint includes "Form I-918 Supplement B" certifying these facts.

On March 23, 2020, plaintiff received from USCIS a "Request for Evidence" noting that armed robbery is not among the qualifying offenses enumerated in the VTVPA and requiring him to submit evidence to establish that Illinois armed robbery is "similar activity" to an enumerated offense. The RFE noted that such evidence "may include:

1. Criminal statutes showing the essential elements of the crime;
2. Legal opinions regarding the nature of the crime;
3. Factual information about the crime, including police reports, court transcripts, news reports, etc."

Compl. Exh. A. at 2.

It is undisputed that plaintiff did not submit any of these materials. Instead, he submitted a chart compiled by the Legislative Research Unit of the Illinois General Assembly showing

3

that the penalties for armed robbery exceed the penalties for several of the enumerated crimes. In addition, he submitted a printout of the Illinois Compiled Statutes, 720 ILCS 5/4-4 and 5/4-5, which define "Intent" and "Knowledge" and argued that "these elements exist in Armed Robbery" as well as in several of the statutorily enumerated crimes. Plaintiff further noted that armed robbery is classified as a "Class X" felony, which is a more serious offense than the enumerated crimes of: sexual assault (a Class 1 felony); kidnapping (a Class 2 felony); perjury, incest (Class 3 felonies); stalking, obstruction of justice, unlawful restraint (Class 4 felonies); and prostitution, sexual exploitation (both misdemeanors). Although plaintiff also submitted printouts of 720 ILCS 5/18-2, "armed robbery," as well as printouts of the sections of the statute defining these enumerated offenses, his response to USCIS did not discuss any of the elements of "armed robbery" (other than "intent") or explain how they were similar to the elements of any of the enumerated crimes. Compl. Exh. A. USCIS denied his petition on April 22, 2020, on the ground that plaintiff had not established that he was a victim of a qualifying offense. This suit followed.

II.

In reviewing a motion to dismiss under Rule 12(b)(6), I must "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff."

4

*Calderon-Ramirez v. McCament*, 877 F.3d 272, 275 (7th Cir. 2017) (internal quotation marks and citation omitted). Nevertheless, I need not accept legal conclusions as true. *Community Bank of Trenton v. Schnuck Markets, Inc.*, 887 F.3d 803, 825 (7th Cir. 2018). Bearing these principles in mind, I consider whether the complaint "'state[s] a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Because plaintiff's claim for relief arises under the APA, the standard of review is narrow. "The APA requires that an agency's decision be set aside only if it is arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence in the case, or not in accordance with law." *Fliger v. Nielsen*, 743 F. App'x 684, 687 (7th Cir. 2018) (quoting *Little Co. of Mary Hosp. v. Sebelius*, 587 F.3d 849, 853 (7th Cir. 2009)). To determine whether an agency action is arbitrary or capricious, I consider "'whether the decision was based on a consideration of the relevant factors and whether there has been clear error of judgment.'" *Ind. Forest All., Inc. v. United States Forest Serv.*, 325 F.3d 851, 858-59 (7th Cir. 2003) (quoting *Marsh v. Or. Nat. Res. Council*, 490 U.S. 360, 378 (1989)). My review is based solely on the record compiled in the administrative proceeding. *Little Co. of Mary Hosp.*, 587 F.3d at 856. Plaintiff bears the burden of establishing his eligibility for a U-Visa, and the USCIS maintains sole

5

discretion regarding the evidentiary value of the evidence he submitted. 8 C.F.R. § 214.14(c)(4). *Bazaldua-Hernandez v. Rodriguez*, No. EDCV 15-1383-JGB, 2016 WL 6311112, at *1 (C.D. Cal. Oct. 26, 2016), judgment entered, No. EDCV 15-1383 JGB, 2016 WL 6304632 (C.D. Cal. Oct. 26, 2016), and aff'd sub nom. *Bazaldua-Hernandez v. Cissna*, 775 F. App'x 884 (9th Cir. 2019).

In this case, it was not arbitrary or capricious for the USCIS to conclude that plaintiff's response to the RFE failed to establish that he was the victim of "any similar activity" to a qualifying crime. The applicable regulation defines "any similar activity" as "criminal offenses in which the nature and elements of the offenses are substantially similar to the statutorily enumerated list of criminal activities." 8 C.F.R. § 214.14(a)(9). Pursuant to Illinois law, a person commits robbery "when he or she takes property … from the person or presence of another by the use of force or by threatening the imminent use of force," and commits armed robbery when he or she does so and "carries on or about his or her person or is otherwise armed with a firearm." 720 ILCS 5/18-1; 720 ILCS 5/18-2. The administrative record reveals that while plaintiff offered cursory observations about the *mens rea* required for criminal conduct generally under Illinois law, he made no effort to compare the "nature and elements" of Illinois armed robbery with the "nature and elements" of any qualifying crime as required by 8 C.F.R. § 214.14(a)(9). And while it may be that armed

6

robbery carries higher penalties than certain of the enumerated crimes, plaintiff points to no authority suggesting that the agency was required to consider severity-of-penalty in its determination of substantial similarity.

III.

Because nothing in the complaint or the administrative record raises a plausible inference that the USCIS's denial of plaintiff's U-Visa was arbitrary or capricious, dismissal pursuant to Rule 12(b)(6) is appropriate.

**ENTER ORDER:**

*[signature]*

**Elaine E. Bucklo**
United States District Judge

Dated: February 23, 2021